MOORE, et al. *v.* CROSBY CHEMICALS, INC.

No. 40015 April 23, 1956 86 So. 2d 869

*Williams & Williams,* Poplarville, for appellants.

*H. H. Parker,* Poplarville; *Hall & Callender,* Columbia, for appellee.

Holmes, J.

The appellee, Crosby Chemicals, Inc., brought this suit against the appellants, R. Fred Moore and his wife, Mrs. Irma D. Moore, to cancel as a cloud upon its title all claims of the appellants to lots 7 and 14 and the west 29 feet of lots 6 and 15, in Block 30, of the Williams-Goodyear Addition to the Town of Picayune.

On February 25, 1922, R. J. Williams conveyed to Goodyear Yellow Pine Company (whose name was later changed to Crosby Forest Products Company) Lots 8, 9, 10, 11, 12 and 13, of Block 30, of the Williams-Goodyear Addition to the Town of Picayune. These six lots are immediately west of and adjoin the land here in controversy. The Goodyear Yellow Pine Company and its successor, Crosby Forest Products Company, retained the title to these six lots until October 31, 1950, when the Crosby Forest Products Company conveyed them

to the appellants. The appellants have the record title to these six lots and their title thereto is not questioned.

Lying immediately east of said six lots and in the same block of the aforesaid subdivision are 14 lots which include the land here in controversy. The title to these 14 lots was in R. J. Williams at the time he conveyed the aforesaid six lots to Goodyear Yellow Pine Company, and he retained the title thereto until his death on February 26, 1930, when the title thereto passed to his legal heirs, G. H. Williams, Mrs. Trinity Williams, and Mrs. Nell W. Stem. These heirs retained in common title to the said 14 lots until October 22, 1940, when G. H. Williams and Mrs. Trinity Williams conveyed their interest in the same to Mrs. Nell W. Stem. Mrs. Stem retained the title to said 14 lots until October 14, 1953, when she conveyed the same to the appellee. The appellee now has a perfect record title to the land in controversy, which is a part of the said 14 lots and which may be further described as a strip of land 300 feet in length, extending north and south, and 79 feet in width, extending east and west, and lying immediately east of the aforesaid six lots conveyed to the appellants by the Crosby Forest Products Company by deed dated October 31, 1950.

On February 5, 1954, the appellants began the construction of a fence along the east line of the disputed strip. Upon learning of this action, Thomas L. Crosby, Vice-president of the appellee, Crosby Chemicals, Inc., notified the appellants by telephone on February 6, 1954 that they were not erecting the fence along the true line between their property and the property of the appellee. The true line as claimed by the appellee was that along the east boundary of the aforesaid six lots.

On February 9, 1954, the appellants obtained from the Crosby Forest Products Company a quit claim deed conveying to them the land in controversy. Prior to

this conveyance, the appellants were without color of title to the land in dispute.

On February 12, 1954, the appellee wrote a letter to the appellants requesting them to remove their encroachments from the land in dispute and the appellants replied declining to do so.

On February 19, 1954, the appellee filed this suit to cancel as a cloud upon its title the claims of the appellants to the disputed land.

The appellants answered, asserting title to the land by adverse possession and made their answer a cross-bill wherein they prayed that title to the land be confirmed in them.

Upon a hearing, the chancellor rendered a decree granting the prayer of the original bill and dismissing the cross-bill, and from this decree the appellants appeal.

It is the contention of the appellants that they and their predecessors in title entered into possession of the disputed land under an honest but mistaken belief that it was within the calls of the deed executed by R. J. Williams to Goodyear Yellow Pine Company on February 25, 1922, and within the calls of the deed executed by Crosby Forest Products Company, successor to Goodyear Yellow Pine Company, to appellants on October 31, 1950, and that appellants and their predecessors in title have for longer than the statutory period been in the hostile, actual, open, notorious, exclusive and continuous occupancy and possession of the disputed land, claiming the ownership thereof.

The appellee contends that the proof is insufficient to meet the burden of proof resting upon the appellants to establish their claim of title by adverse possession, and further contends that under the facts as found to be true by the chancellor the original entry upon the land by the Goodyear Yellow Pine Company was permissive and not adverse, and so continued until the appellants acquired title to the six lots hereinbefore described by

their deed dated October 31, 1950, and that neither the Goodyear Yellow Pine Company nor its successor, Crosby Forest Products Company, ever claimed title to the disputed land or converted their original permissive entry upon the land to an adverse holding, but recognized that their holding was at all times subservient to the owner of the legal title.

 █ There is no dispute between the parties as to the law of the case. Each side concedes the legal principles applicable to the facts as each contends them to be. The law of the case, therefore, presents no problem. The issues involved are factual. The evidence bearing upon these issues is voluminous and it can serve no good purpose to relate the same in detail. It is sufficient to say that the evidence was conflicting and presented an issue of fact for the determination of the chancellor. The chancellor resolved this conflict in favor of the appellee. We are unable to say that the chancellor was manifestly wrong. The decree of the court below is therefore affirmed.

Affirmed.

*Roberds, P.J.,* and *Lee, Kyle* and *Gillespie, JJ.,* concur.